UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MELLONIE THOMPSON<br>§ Plaintiff,<br>§<br>§<br>V.  §<br>§<br>COCA-COLA SOUTHWEST BEVERAGES LLC §<br>§ Defendant.<br>§ | CIVIL ACTION NO.  3:24-cv-1849 |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Coca-Cola Southwest Beverages LLC ("CCSWB") hereby removes this action from the 68th District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446, based on the following facts:

### I.     Background

1. On June 25, 2024, Plaintiff Mellonie Thompson filed her Original Petition in Cause No. DC-24-09473; *Mellonie Thompson v. Coca-Cola Southwest Beverages LLC;* In the 68th District Court of Dallas County, Texas.

2. The United States District Court for the Northern District of Texas, Dallas Division, is the United States District and Division embracing 68th District Court of Dallas County, Texas where this action is pending. *See* 28 U.S.C. §§ 124(d)(4) and 1446(a). Therefore, venue of this removed action is proper in this Court.

3. CCSWB agreed to accept service of Plaintiff's Original Petition on June 27, 2024. This notice is therefore timely under 28 U.S.C. § 1446(b).

4. This Notice of Removal is accompanied by the state court documents filed in the trial court, including the trial court docket sheet, which are attached as **Exhibit 1.** Other than the documents

attached at Exhibit 1, no other pleadings or orders are presently on file in the state court. In the event that such filings come to CCSWB's attention, true and legible copies will be filed with this Court.

5. CCSWB is serving written notification on all counsel of this Notice of Removal and filing a Notice of Filing Notice of Removal, attaching a copy of this Notice of Removal, with the state court.

## II.     Standard for Removal

6. This Court has original jurisdiction of this action under 28 U.S.C. § 1332(a) based on diversity of citizenship because this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Therefore, removal is proper under 28 U.S.C. §§1332 and 1441.

## III.     Argument and Authorities

### a.     Complete Diversity Exists Between the Parties.

7. There is complete diversity between the parties that have been properly joined and served at the time of this removal.

8. Plaintiff was and is a citizen and resident of the State of Texas as alleged in Plaintiff's Petition.

9. CCSWB is a limited liability company. The citizenship of a limited liability company is determined by the citizenship of each member of the entity. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). CCSWB is a citizen of the Republic of Mexico, the State of Georgia, and the State of Delaware.

10. AC Bebidas, S. de R.L. de C.V. is the sole member of CCSWB. It is a limited liability company organized and operating under the laws of the Republic of Mexico. The citizenship of

AC Bebidas, S. de R.L. de C.V. depends on the citizenship of its three members: (1) Arca Continental, S.A.B. de C.V.; (2) Desarrolladora Arca Continental, S. de R.L. de C.V.; and (3) Coca-Cola Refreshments USA LLC.

11. Arca Continental, S.A.B. de C.V. is a corporation organized under the laws of and with a principal place of business in the Republic of Mexico. A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Therefore, Arca Continental, S.A.B. de C.V. is a citizen of the Republic of Mexico, a foreign state.

12. Desarrolladora Arca Continental, S. de R.L. de C.V., is a limited liability company organized and operating under the laws of the Republic of Mexico. As a limited liability company, its citizenship depends on the citizenship of its two members, Arca Continental, S.A.B. de C.V., and AC Alimentos y Botanas de C.V. *See Harvey*, 542 F.3d at 1080. Arca Continental, S.A.B. de C.V.'s citizenship in the Republic of Mexico is identified in the foregoing paragraph. AC Alimentos y Botanas de C.V. is a corporation organized under the laws of and with a principal place of business in the Republic of Mexico. AC Alimentos y Botanas de C.V. is, therefore, a citizen of the Republic of Mexico. *See* 28 U.S.C. § 1332(c)(1). Thus, Desarrolladora Arca Continental, S. de R.L. de C.V., is a citizen of the Republic of Mexico, a foreign state.

13. Finally, Coca-Cola Refreshments USA, LLC is a limited liability company, with its citizenship dependent on the citizenship of its sole member, The Coca-Cola Company. *See Harvey*, 542 F.3d at 1080. The Coca-Cola Company is a publicly traded company incorporated in the State of Delaware with a principal place of business in the State of Georgia, making it a citizen of the States of Delaware and Georgia.

14. Collectively and pursuant to the citizenship tests laid out in 28 U.S.C. § 1332(c)(1) and *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990), CCSWB is a citizen of the Republic of Mexico, the State of Delaware, and the State of Georgia.

15. Because Plaintiff is a citizen of Texas and CCSWB is a citizen of the Republic of Mexico and the U.S. states of Georgia and Delaware, complete diversity exists among the parties.

  b.  **The Amount in Controversy Exceeds $75,000.**

16. The matter or amount in controversy in this suit exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a).

17. On page 5 of Plaintiff's Original Petition, she states that she "has been damaged and/or will be damaged in a sum in the range of $500,000 - $1,250,000." Plaintiff further outlines damages on page 4 for the following: "(1) physical pain and mental anguish that Plaintiff has suffered from the date of the occurrence in question up to time of trial; (2) the amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff's injuries from the date of occurrence in question up to the time of trial; (3) the physical impairment and disability suffered by Plaintiff from the time of the occurrence in question up to the time of trial; (4) the physical disfigurement suffered by Plaintiff from the date of the occurrence in question up to the time of trial; and (5) the loss of earning capacity, and loss of physical capacity that Plaintiff has suffered from the date of the occurrence in question up to the time of trial."

### IV.  Conclusion

WHEREFORE, because the United States District Court for the Northern District of Texas has original diversity of citizenship jurisdiction of this matter, Defendant Coca-Cola Southwest Beverages LLC respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law.

        Respectfully submitted,

        */s/ David H. Estes*
        **DAVID H. ESTES**
        State Bar No. 24012599
        destes@hartlinebarger.com
        **MORGAN R. TRENARY**
        State Bar No. 24125864
        mtrenary@hartlinebarger.com
        **HARTLINE BARGER LLP**
        8750 North Central Expressway, Suite 1600
        Dallas, Texas 75231
        Phone: (214) 369-2100
        Fax: (214) 369-2118

        **ATTORNEYS FOR DEFENDANT COCA-COLA SOUTHWEST BEVERAGES LLC**

## **CERTIFICATE OF SERVICE**

    On the 19th day of July 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.

        */s/ David H. Estes*
        David H. Estes