# EXHIBIT 5

FILED
7/17/2024 11:30 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Margaret Thomas DEPUTY

CAUSE NO. DC-24-09473

| | | |
|---|---|---|
| **MELLONIE THOMPSON,** | § § § | IN THE DISTRICT COURT |
| *Plaintiff,* | § § | |
| v. | § § | DALLAS COUNTY, TEXAS |
| **COCA-COLA SOUTHWEST BEVERAGES LLC** | § § § § | |
| *Defendant.* | § | 68TH JUDICIAL DISTRICT |

## DEFENDANT COCA-COLA SOUTHWEST BEVERAGES LLC'S SPECIAL EXCEPTION AND ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Coca-Cola Southwest Beverages LLC ("CCSWB"), and makes and files its Special Exception and Original Answer to Plaintiff's Original Petition, and for such would respectfully show unto the Court as follows:

### SPECIAL EXCEPTION
### I.

CCSWB objects and specially excepts to Plaintiff's failure to invoke a level of discovery pursuant to Texas Rule of Civil Procedure 190.3. This case should be governed by a Level 3 Discovery Control Plan under Texas Rule of Civil Procedure 190.4, and CCSWB requests that the Court issue an order to that effect.

### GENERAL DENIAL
### II.

CCSWB denies generally each and every material allegation contained in Plaintiff's Original Petition, demands strict proof thereof, and to the extent such matters are questions of fact, says Plaintiff Mellonie Thompson ("Plaintiff") should prove such facts by a preponderance of the evidence to a jury if she can do so.

## AFFIRMATIVE DEFENSES
### III.

PLEADING FURTHER, ALTERNATIVELY AND BY WAY OF AFFIRMATIVE DEFENSE, CCSWB would show that, at the time and on the occasion in question, Plaintiff failed to use that degree of care and caution that would have been used by a person with ordinary prudence under the same or similar circumstances, and that such failure was the sole proximate cause or the sole producing cause, or alternatively, a proximate cause or a producing cause, of the incident in question, Plaintiff's alleged injuries and Plaintiff's alleged resulting damages. CCSWB, therefore, invokes the comparative responsibility provisions of the Texas Civil Practice and Remedies Code § 33.001, *et seq*.

### IV.

PLEADING FURTHER, ALTERNATIVELY, AND BY WAY OF AFFIRMATIVE DEFENSE, CCSWB would show that the incident in question, Plaintiff's alleged injuries and Plaintiff's alleged resulting damages were the result of negligent acts and/or omissions of others beyond CCSWB's control, whose acts or omissions were the sole proximate cause or the sole producing cause, or alternatively, a proximate cause or a producing cause, of the incident in question, Plaintiff's alleged injuries and Plaintiff's alleged resulting damages.

### V.

PLEADING FURTHER, ALTERNATIVELY, AND BY WAY OF AFFIRMATIVE DEFENSE, CCSWB would show in the unlikely event that any liability be found on its part, that such liability be reduced by the percentage of causation found to have resulted from the negligence of Plaintiff and/or any other individuals and/or entities.

### VI.

PLEADING FURTHER, ALTERNATIVELY, AND BY WAY OF AFFIRMATIVE

DEFENSE, CCSWB states that in the unlikely event that an adverse judgment is rendered against it, CCSWB respectfully prays for contribution, indemnity and/or all available credits and/or offsets as provided by the Texas Civil Practice and Remedies Code and under Texas or any other applicable law.

## VII.

PLEADING FURTHER, ALTERNATIVELY, AND BY WAY OF AFFIRMATIVE DEFENSE, CCSWB states that the imposition of joint and several liability violates the equal protection and due process clauses of the U.S. and Texas Constitutions.

## VIII.

PLEADING FURTHER, ALTERNATIVELY, AND BY WAY OF AFFIRMATIVE DEFENSE, CCSWB would show that Plaintiff's claims are barred by the doctrines of estoppel, ratification and/or laches.

## IX.

PLEADING FURTHER, ALTERNATIVELY, AND BY WAY OF AFFIRMATIVE DEFENSE, CCSWB asserts the limitation of damages recoverable as provided by applicable portions of the Texas Business and Commerce Code; the Texas Civil Practice and Remedies Code (including but not limited to Chapters 32, 33, and 38); and any other applicable statute or rule of law, and any other applicable affirmative defenses contained in the Texas Business and Commerce Code and the Texas Civil Practice and Remedies Code.

## X.

PLEADING FURTHER, ALTERNATIVELY, AND BY WAY OF AFFIRMATIVE DEFENSE, CCSWB would show that the incident in question, Plaintiff's alleged injuries and Plaintiff's alleged resulting damages were the result, in whole or in part, of a new and independent

cause or causes not foreseeable by CCSWB, or of intervening acts of others, which were the sole proximate cause, or in the alternative, a proximate cause, and therefore, such new and independent acts or causes became the immediate and efficient cause or causes, such that any and all alleged negligent acts or omissions of CCSWB were not the cause of the incident in question, Plaintiff's alleged injuries or Plaintiff's alleged resulting damages.

## XI.

PLEADING FURTHER, ALTERNATIVELY, AND BY WAY OF AFFIRMATIVE DEFENSE, CCSWB invokes Section 41.0105 of the Texas Civil Practice and Remedies Code and requests that to the extent Plaintiff seeks recovery of medical or healthcare expenses, the evidence to prove such loss be limited to the amount actually paid by or on behalf of Plaintiff as opposed to the amount charged.

## XII.

PLEADING FURTHER, ALTERNATIVELY, AND BY WAY OF AFFIRMATIVE DEFENSE, CCSWB pleads that Plaintiff has failed to mitigate her alleged damages as required under applicable law and therefore any such claims or causes of action are barred to that extent.

## XIII.

PLEADING FURTHER, ALTERNATIVELY, AND BY WAY OF AFFIRMATIVE DEFENSE, CCSWB would show that Plaintiff's alleged injuries and alleged resulting damages may be the result, in whole or in part, of pre-existing and/or subsequent conditions.

## XIV.

PLEADING FURTHER, ALTERNATIVELY, AND BY WAY OF AFFIRMATIVE DEFENSE, CCSWB would show that some or all of the medical treatment claimed by Plaintiff was excessive, unreasonable, and unnecessary and was not proximately caused by any acts and/or

omissions of CCSWB.

## XV.

PLEADING FURTHER, ALTERNATIVELY, AND BY WAY OF AFFIRMATIVE DEFENSE, CCSWB would show that, pursuant to Section 18.091 of the Texas Civil Practice and Remedies Code, to the extent Plaintiff is seeking recovery for loss of earnings, lost wages, loss of earning capacity, and/or loss of contributions of a pecuniary value, Plaintiff must present evidence of the alleged loss in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

## XVI.

PLEADING FURTHER, ALTERNATIVELY, AND BY WAY OF AFFIRMATIVE DEFENSE, CCSWB pleads the defense of unconstitutionality, in that any award of punitive or exemplary damages would constitute the imposition of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, and similar provisions of the Texas Constitution. Furthermore, the imposition of such punitive or exemplary damages constitutes an excessive fine under the Eighth Amendment, denies CCSWB equal protection of the law under the Fourteenth Amendment, and violates the due process clause of the Fifth and Fourteenth Amendments. CCSWB pleads that any claim by Plaintiff for punitive or exemplary damages should be stricken as unconstitutional and that any award of punitive or exemplary damages should be set aside for the reasons stated above.

## XVII.

PLEADING FURTHER, ALTERNATIVELY, AND BY WAY OF AFFIRMATIVE DEFENSE, CCSWB would show that the imposition of punitive damages sought by Plaintiff violates CCSWB rights to due process and equal protection under the Fourteenth Amendment of

the United States Constitution, to due course of law and equal protection under Article 1 and 19 of the Texas Constitution, and the prohibition against excessive fines in Article 1, section 13 of the Texas Constitution, in that:

(a) Texas law and the Texas punitive damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of an award. Texas law and the Texas punitive damage scheme leave the determination whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion.

(b) CCSWB had no notice of or means of ascertaining whether, or if so in what amount, it might be subject to a penalty for the conduct alleged by Plaintiff in this case. That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject CCSWB to punitive damages or as to the potential amount of such an award.

(c) Under Texas law and the Texas punitive damage scheme, the jury is not instructed on the limits on punitive damages imposed by the purposes for which such damages are assessed.

(d) Under Texas law and the Texas punitive damage scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant.

(e) No provision of Texas law or the Texas punitive damage scheme provides adequate procedural safeguards consistent with the criteria set forth in *BMW of North America, Inc. v. Gore*,

517 U.S. 559 (1996); *Pacific Mutual Life Insurance Company v. Haslip*, 499 U.S. 1 (1990), and *Matthews v. Eldridge*, 424 U.S. 319 (1976) for the imposition of a punitive award.

(f)     Texas law and the Texas punitive damage scheme do not provide for adequate post-trial review of punitive damage awards or the amount thereof, and do not provide objective standards for such review.

(g)     Texas law and the Texas punitive damage scheme do not provide for adequate appellate review of punitive damage awards or the amount thereof, and do not provide objective standards for such review. Those inadequacies are compounded by the constraints upon review of such awards by the Texas Supreme Court, including Article 5, section 6 of the Texas Constitution and section 22.225 of the Texas Government Code.

(h)     In the admission of evidence, the standards provided the trier of fact (including jury instructions), and post-trial and appellate review, Texas law and the Texas punitive damage scheme, including sections 41.001 through 41.013 of the Texas Civil Practice & Remedies Code, place undue emphasis on a defendant's wealth as a basis for making and enhancing a punitive damage award, and do not require that the award not be based on any desire to redistribute wealth.

(i)     Under Texas law and the Texas punitive damage scheme, there is no limit on the number of times CCSWB could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

## XIII.

PLEADING FURTHER, ALTERNATIVELY, AND BY WAY OF AFFIRMATIVE DEFENSE, CCSWB would show that the net effect of Texas's punitive damage system is to impose punitive damages in an arbitrary and discriminatory manner. The lack of adequate guidelines or review and undue emphasis on defendant's wealth inevitably lead to variations in

result without any rational basis for differentiation, and without serving any legitimate governmental purpose or interest. As a result, the federal and state (U.S. Const. Amend 14; Texas Const. Art. 1, § 3) constitutional mandates for equal protection are violated. Insofar as the lodestone of the Texas punitive damage system is in the depth of the defendant's pockets, that invidious discrimination is itself an affront to the federal and state constitutions' equal protection mandates.

### XIX.

PLEADING FURTHER, ALTERNATIVELY, AND BY WAY OF AFFIRMATIVE DEFENSE, CCSWB would show that insofar as the punitive damage award sought by Plaintiff seeks to impose punitive damages under Texas law for conduct in other states, the award violates:

(a) CCSWB's rights to due process and due course of law under the Fourteenth Amendment of the United States Constitution and Article 1, section 19 of the Texas Constitution;

(b) the dormant or negative commerce clause derived from Article 1, section 8, clause 3 of the United States Constitution;

(c) the Full Faith and Credit Clause of Article IV, section 1 of the United States Constitution;

(d) the requirement of the United States Constitution that a state respect the autonomy of other states within their spheres; and

(e) the prohibition against excessive fines in Article 1, section 13 of the Texas Constitution.

### XX.

PLEADING FURTHER, ALTERNATIVELY, AND BY WAY OF AFFIRMATIVE DEFENSE, CCSWB would show that by virtue of Section 41.008 of the Texas Civil Practice and

Remedies Code, any award of exemplary damages is subject to the cap specified in that section and any award in excess of that cap must be reduced accordingly.

## XXI.

PLEADING FURTHER, ALTERNATIVELY, AND BY WAY OF AFFIRMATIVE DEFENSE, CCSWB would show that some or all of Plaintiff's claims are barred because Plaintiff has failed to fully perform all conditions and/or conditions precedent required to be performed on Plaintiff's part and those conditions have not occurred and have not been waived.

## XXII.

CCSWB gives notice that it intends to rely upon such other defenses or denials as may become available or appear during discovery as it proceeds in this matter, and hereby reserves the right to amend its Answer to assert such defenses.

## XXIII.

CCSWB respectfully requests that a court reporter attend all sessions of court in connection with this case, and that said court reporter take full notes of all testimony offered, together with any objections, rulings and remarks of the Court and exceptions thereto, and such other proceedings as may be needed or requested by CCSWB. *See Christie v. Price*, 558 S.W.2d 922, 923-24 (Tex. App.—Texarkana 1977, no writ).

## **TEX. R. CIV. P. 193.7 NOTICE**
### XXIV.

Pursuant to Texas Rule of Civil Procedure 193.7, CCSWB provides notice that any document produced by any party will be considered self-authenticated and may be used by CCSWB in any court proceeding.

## PRAYER

## XXV.

WHEREFORE, PREMISES CONSIDERED, Defendant Coca-Cola Southwest Beverages LLC respectfully prays that Plaintiff Mellonie Thompson take nothing by this suit; that it be awarded all costs and expenses incurred on its behalf; and for such other and further relief, both at law and in equity, to which CCSWB may show itself to be justly entitled.

Respectfully submitted,

*/s/ David H. Estes*
**DAVID H. ESTES**
State Bar No. 24012599
destes@hartlinebarger.com
**MORGAN TRENARY**
State Bar No. 24125864
mtrenary@hartlinebarger.com
**HARTLINE BARGER LLP**
8750 N. Central Expy., Suite 1600
Dallas, Texas 75231
(214) 369-2100
(214) 369-2118 (fax)

**ATTORNEYS FOR DEFENDANT COCA-COLA SOUTHWEST BEVERAGES LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in accordance with the Texas Rules of Civil Procedure on the 17th day of July 2024.

*/s/ David Estes*
**DAVID H. ESTES**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jennifer White on behalf of David Estes
Bar No. 24012599
jwhite@hartlinebarger.com
Envelope ID: 89866440
Filing Code Description: Original Answer - General Denial
Filing Description: Defendant Coca-Cola Southwest Beverages LLC's Special Exception and Original Answer to Plaintiff's Original Petition
Status as of 7/17/2024 12:55 PM CST

Associated Case Party: COCA-COLA SOUTHWEST BEVERAGES, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Gilda Roberson | | groberson@hartlinebarger.com | 7/17/2024 11:30:05 AM | SENT |
| Morgan Trenary | | mtrenary@hartlinebarger.com | 7/17/2024 11:30:05 AM | SENT |
| David H.Estes | | destes@hartlinebarger.com | 7/17/2024 11:30:05 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Robert Lapin | | blapin@lapinlanda.com | 7/17/2024 11:30:05 AM | SENT |